**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 07- |
| | : | |
| v. | : | **VIOLATIONS:** |
| | : | |
| | : | 18 U.S.C. §1347 (Health Care Fraud); |
| **LEONARD H. YOUNG,** | : | 18 U.S.C. §2 (Causing an Act to be Done); |
| | : | 18 U.S.C. § 982(a)(7) |
| | : | (Criminal Forfeiture). |
| | : | |
| **Defendant.** | : | |

# I N F O R M A T I O N

The United States Attorney informs the Court:

**COUNT ONE**
**HEALTH CARE FRAUD**

**Introduction**

At all times material to this Information:

1. Medicaid was a health care benefit program, jointly funded by the federal government and the District of Columbia, created to provide medical assistance and other benefits for certain individuals and families, typically those with low incomes and a lack of financial resources. In the District of Columbia, the Medicaid program was administered by the Medical Assistance Administration, which was an agency within the District of Columbia's Department of Health. Medicaid was a "health care benefit program" in that it was a public plan, affecting commerce, under which medical benefits, items, and services were provided to individuals.

2. Under the District of Columbia's Medicaid Program ("Medicaid"), transportation was provided, if requested and the medical necessity was established, to all eligible Medicaid recipients who were seeking medical care and services covered under the program. Thus, Medicaid would pay

companies to transport Medicaid recipients to medical appointments, health care services, and day treatment programs, if the transportation requests were authorized in advance, and if the transportation services were actually provided.

3.  The defendant, LEONARD H. YOUNG, was the owner of Young Transportation, Inc. and Young Star Tours (collectively referred to as "YST"). The defendant YOUNG, or YST, was a transportation provider with Medicaid, and in 2002, the defendant YOUNG signed D.C. Medicaid application documents as the "owner or official" and acknowledged that he understood that claims for services must be "true, accurate and correct" and any false claims "may be prosecuted under applicable federal and District laws."

### The Scheme

4.  Beginning at least by January 2003 and continuing until in or about August 2007, in the District of Columbia and elsewhere, the defendant LEONARD H. YOUNG, knowingly and willfully devised and executed a scheme and artifice to defraud Medicaid, a health care benefit program, to obtain money by submitting or causing the submission of false claims to Medicaid for payments for transportation services that he and his company did not provide, in connection with the payment for, health care benefits, items, and services.

### Purpose of the Scheme to Defraud

5.  It was a purpose of the scheme to defraud that the defendant, LEONARD H. YOUNG, would trick Medicaid into paying him or YST $211,441.50 for services not rendered, by fraudulently billing, or causing to be billed, over 6,660 claims for transportation services which, in fact, he and his company did not provide to District of Columbia's Medicaid recipients.

**The Manner and Means of the Scheme**

6.      It was a part of the scheme to defraud that the defendant LEONARD H. YOUNG, as a Medicaid provider, billed Medicaid for about 6,660 transportation services purportedly provided to D.C. Medicaid recipients.  In reality, these transportation services were not provided, in that the Medicaid recipients: did not attend the day treatment programs on the days of the claimed transportation services; were transported by a caseworker and not YST;  remained "in-patient" at a hospital or nursing home and did not require transportation in order to receive medical service; or did not use  transportation services for some other reason.

7.      It was a further part of the scheme to defraud that the defendant LEONARD H. YOUNG, used these false claims to fraudulently collect from Medicaid approximately $211,441.50.

**(Health Care Fraud and Causing an Act to be Done, in Violation
of Title 18, United States Code, Sections 1347 and 2)**.

**FORFEITURE ALLEGATION**

15.     The violation alleged in Count One of this Information is realleged and incorporated by reference herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982(a)(7).

16.     As a result of the offense alleged in Count One  of this Information, the defendant in this Information, shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the health care fraud scheme, in violation of Title 18,  United States Code, Section 1347 including, but not limited to:

     <u>Money Judgement</u>:

          $211,441.50 which represents the sum of money equal to the of money constituting or derived from, proceeds obtained, directly or indirectly, as the result of the health care fraud scheme, in violation of 18 U.S.C. §1347, including, but not limited to: $37,950.00 in United States currency that was seized by law enforcement from M & T Bank account # 19166887 held by Young Star Tours. Fed.R. Crim.P. 32.2(b)(1).

By virtue of the commission of the felony offense charged in Count One of this Information, any and all interest that the defendant has in property that constitutes, or is derived from, proceeds obtained, directly or indirectly, as the result of the health care fraud scheme, in violation of Title 18, United States Code, Section 1347, is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 982(a)(7).

     17.    If any of the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(7), as a result of any act or omission of the defendant:

     (a)    cannot be located upon the exercise of due diligence;

     (b)    has been transferred or sold to, or deposited with, a third person;

     (c)    has been placed beyond the jurisdiction of the Court;

     (d)    has been substantially diminished in value; or

     (e)    has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating by reference Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of said defendant up to the value of said property listed above as being subject to forfeiture.

**(Criminal Forfeiture, in violation of Title 18, United States Code, Section 982(a)(7) and Title 18, United States Code, Section 982(b)(1).)**

JEFFREY A. TAYLOR

United States Attorney
for the District of Columbia


By: _____
VIRGINIA CHEATHAM
Assistant United States Attorney
D.C. Bar # 411980
United States Attorneys Office
Fraud and Public Corruption Section
555 4th Street, N.W.
Washington, D.C.  20530