UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 07-259 (RJL) |
| | : | |
| v. | : | |
| | : | |
| LEONARD H. YOUNG, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this sentencing memorandum regarding the above-captioned case. This memorandum addresses the sentencing factors as set forth in 18 U.S.C. § 3553 and then discusses the appropriate Offense Level under the Federal Sentencing Guidelines.

**I.    SENTENCING FACTORS**

Title 18 U.S.C. §3553(a)(2)(A) requires the Court to consider "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The defendant committed a serious crime, one that affects a program directed to helping the most disadvantaged of our city's residents. Leonard H. Young pleaded guilty to Health Care Fraud, in violation of 18 U.S.C. § 1347. The victim was the District of Columbia's Medicaid program. Medicaid is the health care benefit program which pays for medical care and other benefits for certain individuals and families, typically those with low incomes and a lack of financial resources. In the District of Columbia, Medicaid is funded by both federal and D.C. money, and is administered by the Medical Assistance Administration. For those Medicaid recipients who also lack the ability to get themselves to and from their health care providers, D.C.

Medicaid arranges for individualized transportation through companies such as the one owned by the defendant Leonard Young.

Defendant Young and his company contracted with Medicaid to provide needy Medicaid recipients with transportation to/from their required medical appointments. Defendant Young knew that any false billing was considered to be a serious matter; he signed the D.C. Medicaid application documents acknowledging that he understood that claims for services must be "true, accurate and correct" and any false claims "may be prosecuted under applicable federal and District laws."

D.C. Medicaid agreed to pay defendant Young's company up to $33.00 for each and every trip on behalf of each and every Medicaid recipient, if the transportation was actually provided. Defendant Young, however, billed Medicaid for more trips than he in fact supplied to the Medicaid recipients. According to Medicaid records and extensive investigation, defendant Young billed for approximately 6,660 claims for transportation services which he never performed. In total, from January 2003 to June 2007, Medicaid paid the defendant or his company $634,134, of which $211,441 or 33% was for fraudulent claims.[1]

## II. CALCULATIONS UNDER THE FEDERAL SENTENCING GUILDELINES

Defendant Young pleaded guilty on October 30, 2007. The parties agreed to a Stipulated Guidelines Range of 18 - 24 months based on the following Federal Sentencing Guideline enhancements:

---

[1] Title 18 United States Code also directs the Court to consider the history and characteristics of the defendant and "the need for the sentence imposed. . . to protect the public from further crimes of the defendant." 18 U.S.C. §§3553(a)(1) and (a)(2)( C). The government notes that defendant Young has no known criminal convictions. Furthermore, the government makes no comment on whether this defendant is likely to engage in future criminal activity.

§2          2B1.1

        (a) Base Offense Level                                          6

        (b)(1) Loss more than $200,000 less than $400,000                                          12

Plea Agreement, [ECF document #4], dated September 14, 2007 at ¶ 3A. The government does not oppose a three-level decrease for acceptance of responsibility, given the defendant's early acceptance and plea. In paragraph 3D of the plea agreement, the parties agreed that neither a downward or upward departure was warranted and agreed not to seek such a departure or adjustment. Plea Agreement at ¶ 3D. The government and the defense also agreed that:

> a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, neither party will seek a sentence outside of the Stipulated Guidelines Range [defined as 18 - 24 months] or suggest that the Court consider a sentence outside of the Stipulated Guidelines Range.

Plea Agreement at ¶ 4.

However, nothing in the agreement limited "the right of the parties to make any arguments regarding where within the Stipulated Guidelines Range" the defendant should be sentenced. Plea Agreement at ¶ 4. Of course, the parties' agreements are not binding upon the Court, Plea Agreement ¶ 5, and the Court is not bound by the non-mandatory Federal Sentencing Guidelines. Plea Agreement ¶ 6.

The parties also agreed that the defendant owes $211,441.50 in restitution, with $37,950 of forfeited money reducing the total amount of restitution owing. Plea Agreement ¶¶ 7, 9. The defendant also agreed to a money judgement of $173,491.50. Plea Agreement ¶ 9. To effectuate this agreement, the parties jointly request the Court to sign the attached "Consent Order of Forfeiture,"

attached as Exhibit A.

## CONCLUSION

The government respectfully requests that the Court sentence the defendant within the guideline range stipulated by the parties, that is 18 to 24 months.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By: _____
VIRGINIA CHEATHAM
Assistant United States Attorney
D.C. Bar No. 411980
Virginia.cheatham@usdoj.gov
Fraud/Public Corruption
555 4th Street, N.W., 5th Floor
Washington, D.C. 20530
(202) 514-9732

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2008, that a copy of the foregoing Sentencing Memorandum was served via ECF on counsel for the defendant, Stephen J. Williams and Denise L. Bellamy and by facsimile to Probation Officer Michael Penders.

_____
VIRGINIA CHEATHAM
Assistant U.S. Attorney

# EXHIBIT A

Case 1:07-cr-00259-RJL     Document 12-2     Filed 03/17/2008     Page 1 of 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal No. : 07- |
| | : |
| LEONARD H. YOUNG, | : |
| | : |
| Defendant. | : |

## CONSENT ORDER OF FORFEITURE

WHEREAS, a written plea agreement was filed with this Court and signed by defendant Leonard H. Young and his counsel, in which defendant Young pled guilty to a felony violation, that is, health care fraud, in violation of Title 18, United States Code, Section 1347;

WHEREAS, the Information also alleged the forfeiture of certain property, which property is subject to forfeiture, pursuant to 28 United States Code, Section 2461(c) (incorporating Title 18 United States Code, Section 981(a)(1)(C)), as property constituting, derived from, or traceable to proceeds obtained from the commission of the offense set forth above;

WHEREAS, in his plea agreement, the defendant expressly agreed and consented to the entry of an Order of Forfeiture in the form of a money judgment under Fed. R. Crim. P. 32.2(b)(2), which is subject to forfeiture, pursuant to Title 28, United States Code, Section 2461(c) (incorporating 18 United States Code, Section 981(a)(1)(C), as property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the health care fraud scheme, in violation of Title 18, United States Code, Section 1347;

WHEREAS, this Court has determined, based on the evidence set forth during the defendant's guilty plea, that $211,441.50 is subject to forfeiture pursuant to Title 28, United

States Code, Section 2461(c)'s incorporation of Title 18, United States Code, Section 981(a)(1)(C), and that the Government has established the requisite nexus between such property and violation of Title 18, United States Code, Section 1347;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That the following property is declared forfeited to the United States, pursuant to Title 28, United States Code, Section 2461(c) and Title 18 United States Code, Section 981(a)(1)(C):

> Money Judgement:
>
> $211,441.50 which represents the sum of money equal to the total amount of property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the health care fraud scheme, in violation of 18 U.S.C. § 1347.
>
> Personal Property:
>
> $37,950.00 in United States currency that was seized by law enforcement from M & T Bank account # 19166887 held by Young Star Tours.

2. The money judgement will be reduced by the value received by the government of personal property seized or any substitute assets, upon such property's forfeiture.

3. The United States may publish notice of the Order and its intent to dispose of the Subject Property in such a manner as the Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an

amendment of this Consent Order of Forfeiture, pursuant to 18 U.S.C. § 982 (incorporating 21 U.S.C. 853).

    4. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

    5. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

    6. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853 for the filing of third party petitions.

    7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

    8. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

    9. The court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

10. That the Clerk is directed to forward a true and certified copy of this order to all counsel of record and to the United States Marshals Service.

Dated this _____ day of _____, 2007.

_____
United States District Judge

WE ASK FOR THIS:

JEFFREY A. TAYLOR
United States Attorney

By: _____
VIRGINIA CHEATHAM  (DC Bar #411980)
DIANE G. LUCAS (DC Bar #443610)
Assistant United States Attorneys
Criminal Division
U.S. Attorney's Office
555 Fourth Street, NW, Rm. 5227
Washington, D.C.  20530
(202) 514-9732

_____          _____
LEONARD H. YOUNG                                            DENISE L. BELLAMY
Defendant
Counsel for Defendant Young

4