FILED

MAR 2 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :
:
v. : Criminal No. : 07-259(RJL)
:
LEONARD H. YOUNG, :
:
Defendant. :
_____ :

## CONSENT ORDER OF FORFEITURE

WHEREAS, a written plea agreement was filed with this Court and signed by defendant Leonard H. Young and his counsel, in which defendant Young pled guilty to a felony violation, that is, health care fraud, in violation of Title 18, United States Code, Section 1347;

WHEREAS, the Information also alleged the forfeiture of certain property, which property is subject to forfeiture, pursuant to 28 United States Code, Section 2461(c) (incorporating Title 18 United States Code, Section 981(a)(1)(C)), as property constituting, derived from, or traceable to proceeds obtained from the commission of the offense set forth above;

WHEREAS, in his plea agreement, the defendant expressly agreed and consented to the entry of an Order of Forfeiture in the form of a money judgment under Fed. R. Crim. P. 32.2(b)(2), which is subject to forfeiture, pursuant to Title 28, United States Code, Section 2461(c) (incorporating 18 United States Code, Section 981(a)(1)(C), as property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the health care fraud scheme, in violation of Title 18, United States Code, Section 1347;

WHEREAS, this Court has determined, based on the evidence set forth during the defendant's guilty plea, that $211,441.50 is subject to forfeiture pursuant to Title 28, United

States Code, Section 2461(c)'s incorporation of Title 18, United States Code, Section 981(a)(1)(C), and that the Government has established the requisite nexus between such property and violation of Title 18, United States Code, Section 1347;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That the following property is declared forfeited to the United States, pursuant to Title 28, United States Code, Section 2461(c) and Title 18 United States Code, Section 981(a)(1)(C):

> Money Judgement:
>
> $211,441.50 which represents the sum of money equal to the total amount of property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the health care fraud scheme, in violation of 18 U.S.C. § 1347.
>
> Personal Property:
>
> $37,950.00 in United States currency that was seized by law enforcement from M & T Bank account # 19166887 held by Young Star Tours.

2. The money judgement will be reduced by the value received by the government of personal property seized or any substitute assets, upon such property's forfeiture.

3. The United States may publish notice of the Order and its intent to dispose of the Subject Property in such a manner as the Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an

amendment of this Consent Order of Forfeiture, pursuant to 18 U.S.C. § 982 (incorporating 21 U.S.C. 853).

4. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

5. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853 for the filing of third party petitions.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

9. The court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

10. That the Clerk is directed to forward a true and certified copy of this order to all counsel of record and to the United States Marshals Service.

Dated this _18th_ day of _March_, 2008

_____
United States District Judge

WE ASK FOR THIS:

JEFFREY A. TAYLOR
United States Attorney

By: _____
VIRGINIA CHEATHAM (DC Bar #411980)
DIANE G. LUCAS (DC Bar #443610)
Assistant United States Attorneys
Criminal Division
U.S. Attorney's Office
555 Fourth Street, NW, Rm. 5227
Washington, D.C. 20530
(202) 514-9732

_____     _____
LEONARD H. YOUNG                    DENISE L. BELLAMY
Defendant
Counsel for Defendant Young

4